**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLEN D. COLLINS, | ) Case No. CV 20-4784-GW (JPR) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING HABEAS PETITION ) FOR FAILURE TO PROSECUTE |
| LOS ANGELES SUPERIOR COURT et al., | ) |
| Respondents. | ) |

On May 28, 2020, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, claiming that he was being held in a Los Angeles County jail beyond the expiration of his sentence. (Pet. at 5.) Respondents answered on July 20, 2020, disputing that Petitioner's sentence had already expired and stating that he was due to be released in April 2021 (Answer, Mem. P. & A. at 3); on August 26, they filed a Supplemental Answer, contending that the Petition was now moot because Petitioner had been released from jail early, on July 29, in response to the pandemic (Suppl. Answer, Mem. P. & A. at 1-2).

On August 27, 2020, the Magistrate Judge ordered Petitioner

to respond to the mootness claim, warning him that "his Petition will likely be dismissed" if he didn't. Although Petitioner subsequently filed a change of address, he never responded to the Magistrate Judge's order.[1]

On September 28, 2020, the Magistrate Judge ordered Respondents to explain why the Petition was moot given that Petitioner appeared to be subject to a one-year parole term (see Answer, Ex. B at 4) that would end earlier if his claim about his release date was correct. She cited Mabry v. Johnson, 467 U.S. 504, 508 n.3 (1984) (holding that petitioner's release on parole did not render petition moot because he challenged his sentence, which in turn would affect duration of parole), disapproved of on other grounds by Puckett v. United States, 556 U.S. 129, 138 n.1 (2009). Respondents filed a response on October 13, 2020, continuing to argue that the Petition was moot. Despite having been told he could file a reply, Petitioner did not.

Respondents contend that the Petition is moot because "Petitioner is not 'in custody'[] for the purpose of the instant habeas petition — even if he is currently on parole, because he is not seeking habeas relief for the purpose of invalidating the underlying criminal conviction." (Resp. at 1 (some emphases omitted).) They further argue that "no other material relief" besides release from jail is "either sought or can be obtained"

---

[1] The Magistrate Judge ordered the Clerk to serve the August 27 order on Petitioner at his new address, which Respondents had provided in their Supplemental Answer. It was never returned as undeliverable, so Petitioner presumably received it.

were the Petition to be granted. (Id. at 2.)

Respondents' argument seems to confuse jurisdiction with mootness. Indeed, were Respondents correct, the Court would have lacked jurisdiction over the Petition when it was filed because in it Petitioner challenged neither his conviction nor sentence but rather Respondents' calculation of when the sentence ended. That is clearly incorrect. See, e.g., White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004) (noting that petitioners may challenge calculation of sentence and release date under 28 U.S.C. § 2254), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011). And as the Court has pointed out, it presumably could provide relief to Petitioner were his arguments in the Petition correct: it could order that his parole term end not one year from his release date but rather one year from the date he should have been released. Cf. Hymes v. Matevousian, No. 1:15-cv-01781-MJS, 2017 WL 3172992, at *3-4 (E.D. Cal. July 26, 2017) (noting as to federal prisoner that habeas petition challenging calculation of sentence and release date was not rendered moot by his release when court retained discretion to shorten period of supervised release, even though petitioner had never asked for that relief).[2]

---

[2] The case Respondents rely on in support of their mootness argument, Volpicelli v. Palmer, No. 307-CV-00585-LRH-RAM., 2009 WL 348083, at *2 (D. Nev. Feb. 10, 2009), is not on point. There, the petitioner challenged a dishonorable discharge from probation, and the court held that because he was no longer on probation he was not in custody and the petition had to be dismissed. Id. at *2-3. But Petitioner here is presumably still serving his sentence, if only the parole portion of it. Indeed, even Volpicelli recognizes

But Respondents are not wrong that Petitioner has never made this argument, even when given the opportunity to do so. The Petition itself doesn't mention his parole term and asks only for his immediate release from jail. And Petitioner did not reply to Respondents' arguments that the Petition was moot despite having been ordered to do so. He has apparently received all the relief he sought and has decided not to prosecute the Petition. Thus, although the Petition may technically not be moot, see, e.g., id., Petitioner has failed to prosecute it.

Courts may dismiss lawsuits that are not diligently prosecuted. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se petitioner's action for failure to prosecute, a court must consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Unreasonable delay creates a rebuttable presumption of prejudice to the opposing party that can be overcome only with an affirmative showing of just cause by the petitioner. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth factors militate

---

that if a petitioner is still on parole, a petition challenging a sentence is not moot. See id. at *2 (noting that petition challenging sentence becomes moot "upon the expiration of the sentence and parole term").

4

for dismissal.  Petitioner appears to have received all the relief he sought and to have lost interest in this case.  Further, he has not rebutted the presumption of prejudice to Respondent caused by his unreasonable delay.  Finally, there does not appear to be any less drastic sanction the Court can take, as Petitioner has ceased communicating with it and has failed to respond to a Court order; the Court cannot simply leave this case hanging on its docket until he decides to participate.  Moreover, dismissal without prejudice is a less drastic sanction than with prejudice, which is authorized when a petitioner has failed to diligently prosecute a habeas petition.  See Pagtalunan, 291 F.3d at 642-43 (affirming dismissal of habeas petition with prejudice for failure to prosecute).  Although the fourth factor weighs against dismissal — as it always does — the other factors together outweigh the public's interest in disposing of the case on its merits.

Accordingly, this action is dismissed without prejudice for failure to prosecute.

DATED: June 21, 2021

_____
GEORGE WU
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge